**CHANCE, Estate of, In re.**

Ohio Appeals, First District, Hamilton County.

No. 7333. Decided January 29, 1951.

Roy L. Struble, Regina B. Closs, Cincinnati, for appellant.
Kunkel & Kunkel, Dinsmore, Shohl, Sawyer & Dinsmore,
Cincinnati, for appellees.

### OPINION

By ROSS, PJ.:

This Court would be content in affirming the judgment of the Probate Court of Hamilton County, Ohio, and to adopt the opinion of the Hon. Chase M. Davies (appearing among the papers filed in the trial court) as the opinion of this Court, were it not that it is believed that there are additional considerations justifying the conclusions reached by the trial court in its opinion, and with which this Court fully concurs.

It appears that a citation was issued by the Probate Court of Hamilton County upon a complaint filed under the pro-

visions of §10506-67 GC. This citation was served upon certain residents of Franklin County, in Franklin County, Ohio. These residents of Franklin County, so served, appeared in the Probate Court of Hamilton County solely and only for the purpose of filing a motion to quash said service.

As is pointed out in the opinion of Judge Davies, the Probate Court of Hamilton County has sole and exclusive jurisdiction to administer the estate of the incompetent involved. Sec. 10501-55 GC; State, ex rel. Black, et al, Exrs., v. White, Judge, 132 Oh St, 58, and that §10501-22 GC, provides:

"In the exercise of jurisdiction the probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided by law for the courts of common pleas and the judges thereof in vacation, so far as they are consistent with laws in force. The provisions of law governing civil proceedings in the court of common pleas, so far as applicable, shall govern like proceedings in the probate court when there is no provision on the subject of this act.

"Unless it is expressly otherwise provided by law, in all actions or proceedings had in the probate court, whether ex parte or adverse in character, the court may award and tax costs, and apportion them between the parties, on the same or adverse sides, as it adjudges to be right and equitable."

And that §10501-24 GC, requires that the provisions of law applicable to the common pleas court involving summons shall be applicable to the Probate Court.

It is noted that the provisions of §10506-67 GC, gives the common pleas court concurrent jurisdiction with the Probate Court to issue a citation when complaint is made that assets are being sequestered by any person. Obviously, this section has nothing to do with venue or process. The execution of the powers conferred upon the Probate Court are subject to other appropriate legislation. The first paragraph of §10501-22 GC, provides; as previously noted that the provisions of law applicable to "civil proceedings" in the common pleas court shall, as far as practicable, govern like proceedings in the Probate Court.

The term "civil proceedings" used in this section is a general term, sufficiently extensive in its scope to include "civil actions," "provisional remedies," "special actions," "special proceedings," all divisions mentioned and considered in Part Third of the Code and under general Title IV,—"Procedure in the Common Pleas Court."

There being no provision of law applying to process involving a citation issued either by the Probate Court or common pleas court in a proceeding under §10605-67 GC, refer-

ence must be made to the only other "civil proceeding" in the common pleas court, where matters of process and extra county jurisdiction are considered. This will be found under Division II, Title IV; such division being entitled "Civil Actions." Under this division is placed Chapter 3 (§§11268 to 11278 GC). "Where action to be brought" and Chapter 4, "Commencement of the Action" (§§11279 to 11301 GC). These two chapters are those in which the jurisdiction of the common pleas court over persons sought to be made amenable to its conferred powers is considered.

An examination of Chapter 3 shows that the only sections pertinent to the instant question are: §11277 GC, which provides:

"Every other action must be brought in the county in which a defendant resides or may be summoned, except actions against an executor, administrator, guardian, or trustee, which may be brought in the county wherein he was appointed or resides, in which cases summons may issue to any county."

And §11279 GC, which provides:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

Chapter 4, §11282 GC, permits extra county service under certain conditions, none of which has application here.

The net result of this examination of the sections of the Code is that—neither the Probate Court nor common pleas court are given specific power to issue an extra county citation in the proceeding herein involved.

In addition to these conclusions of the trial court it is to be noted that in **Art. IV, Section 8 of the Constitution of Ohio**, it is provided:

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, and such other jurisdiction, in any county, or counties, as may be provided by law."

It is claimed by appellants that §10501-23 GC, is inferentially an exercise of the legislative power created by **Art. IV, Section 8**, supra. This section provides:

"The probate judge shall issue warrants, attachments and other process, and all notices, commissions, rules and orders, not contrary to law, that are necessary and proper to carry into effect the powers granted to him."

It will be noted that this section became effective January 1, 1932, and was in force at the time the preceding Section (§10501-22 GC), as now in the Code, was amended August 22, 1941 (119 V. 394). However, such amendment was an addition which in no way affects the instant question, and that the first paragraph (hereinbefore quoted) pertinent here, was originally a part of the 1932 Probate Code.

Reference to 114 V. 320 shows that these sections (§§10501-22 and §10501-23 GC) as well as 10504-10 GC and 10504-11 GC, hereinafter considered were a part of the "Probate Code" effective January 1, 1932, and were then, (except as noted) identical in language used with the present sections of the Code.

Sec. 10501-22 GC and §10501-23 GC, supra, must, therefore, be considered together as relevant sections of the same act of the legislature. If anything were needed further to assure the conclusion that the general provisions of §10501-23 GC, applying to process, do not modify the limitations and powers mentioned in §10501-22 GC, it will be found in the provisions of §10504-10 and §10504-11 GC; both sections also a part of the Probate Code of 1932.

Sec. 10504-10 GC, provides:

"If real or personal estate be devised, or bequeathed, by a last will, the executor, or any person interested therein, may cause it to be brought before the Probate Court of the county in which the decedent was domiciled. By citation, attachment or warrant, or, if circumstances require it by warrant or attachment in the first instance, such court may compel the person having the custody or control of such will, to produce it before the court for the purpose of being proved."

Sec. 10504-11 GC, provides:

"The process mentioned in the next preceding section may be issued into any county in the state, and shall be served and returned by the sheriff, or other officer to whom it is delivered."

If §10501-23 GC, is inferentially effective to give the probate court power to issue process in the instant proceeding, then it would be effective to give the Probate Court power to "compel the person having the custody or control of such will to produce it before the court" by extra-county process, both in both cases extra-county process would be necessary in some instances to effect the powers granted the Probate Court, at least if other remedy was not available, yet, then why did the legislature in the same act as a part of the same "Probate Code" enact §10504-11 GC, specifically authorizing extra-county process in the case of the citation of wills?

Another consideration also reinforces the conclusions herein reached. **Sec. 10506-67 GC,** as previously noted, gives the common pleas court concurrent jurisdiction upon complaints of concealment of assets. The provisions of §10501-55 GC, would prevent a Probate Court in Franklin County from exercising jurisdiction, but it would not prevent a common pleas court in Franklin County issuing a necessary citation upon complaint filed therein, charging concealment or sequestration of assets by residents of Franklin County. So, therefore, complainants are not without remedy. It is apparent that if the legislature had deemed it expedient to permit extra-county process, where there was complaint of concealment of assets, it would have enacted a specific process section, as it did in the case of custodians of wills.

It must be considered that the legislature in enacting the many sections of the 1932 Probate Code was fully aware of the several provisions of such Code and that it advisedly conferred jurisdiction on the common pleas court in §10506-67 GC, and refrained from so doing in §10504-10 GC.

The findings, reasoning and conclusions of the trial court are adopted and approved, and its judgment affirmed.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.